UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CRIMINAL ACTION |
| ) | No. 08-10121-GAO |
| ERNEST APPOLON, ) | |
| Defendant. ) | |

### DETENTION ORDER

### MAY 28, 2008

**SOROKIN, M. J.**

The Indictment charges Ernest Appolon with Conspiracy to commit wire fraud as well as substantive wire fraud offenses arising out of an alleged mortgage fraud in which inflated sales prices were submitted to mortgage companies along with fraudulent supporting documentation. The government has moved to detain Appolon on risk of flight grounds under 18 U.S.C. § 3142(f)(2)(a).

The offense netted a profit of $1.92 million; Appolon received approximately $600,000. Some of these funds went to pay other defendants and, perhaps in addition, back to the lead defendants. The record does support the finding, which I make, that Appolon received substantial profits from the offense. In the course of the scheme, Appolon acted as a mortgage broker preparing fraudulent loan submissions at inflated prices as well as related supporting information. He also recruited others to participate in the fraud including straw purchasers. He also identified properties. These offenses involved the submission of fraudulent documents and, in some cases, the use of fraudulent identification documents. The evidence against Appolon

appears strong.

Appolon is not a United States citizen, rather he is a lawful permanent resident.  He has resided in the United States since age 4.  He is now 28.  Although the offenses charged will result, if he is convicted, in the entry of an order of deportation, defense counsel contends that the United States is not now deporting persons to Haiti, Appolon's birthplace.  His immediate family resides in the United States, although one brother is detained in this case and the other brother is a fugitive.  His parents live in Florida and his mother appeared at the hearings on the Government's motion.  Appolon is married to a United States citizen and has been so since August or September, 2007.  His wife has a stable job as well as a child from a prior relationship.  They have known each other since early or mid-2006.  Appolon has a citizen child living with the child's mother in Georgia.  Defendant is a full-time student and, at least former, participant in the real estate business.

Appolon has not been convicted of any crimes.

Appolon did own a 2006 Porsche Cayenne upon which he had paid approximately $25,000 down.  The Government seized this car upon his arrest.

The defendant may be detained only if the Government establishes by a preponderance of evidence that he poses a risk of flight.  18 U.S.C. § 3142; <u>United States v. Salerno</u>, 481 U.S. 739 (1987); <u>United States v. Patriarca</u>, 948 F.2d 789 (1st Cir.1991).

In making the determination of whether "any condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of any other person and of the community," the statute mandates consideration of the following factors:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor

>   victim or a controlled substance, firearm, explosive, or destructive device;
>
> (1) the weight of the evidence against the person;
>
> (2) the history and characteristics of the person, including
>
>   (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
>   (B) whether, at the time of the current offense or arrest, he was on probation, on parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law;
>
> (4) the nature and seriousness of the danger to any other person or the community that would be posed by the person's release. . . .

18 U.S.C. § 3142(g).

The Government's evidence establishes that the defendant poses a serious risk of flight in light of the fraudulent nature of the offense, the amount of money involved, the jail sentence suggested by the Guidelines and defendant's immigration status notwithstanding that the United States might not presently be deporting persons to Haiti. Pretrial and the defendant propose defendant's release on a $50,000 unsecured bond cosigned by defendant's wife. By self-report she has limited assets and no property or vehicles. After careful consideration, I am persuaded that, on the record before the Court, the Government has met its burden of proving that no condition or combination of conditions will reasonably assure the appearance of the defendant.

ORDER OF DETENTION PENDING TRIAL

In accordance with the foregoing memorandum, IT IS ORDERED:

1. That Ernest Appolon be committed to the custody of the Attorney General or his designated representative, for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. That Ernest Appolon be afforded a reasonable opportunity for private consultation with counsel; and

3. That on order of a court of the United States or on request by an attorney for the Government, the person in charge of the corrections facility in which Ernest Appolon is detained and confined shall deliver Ernest Appolon to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

RIGHT OF APPEAL

THE PERSON OR PERSONS DETAINED BY THIS ORDER MAY FILE A MOTION FOR REVOCATION OR AMENDMENT OF THE ORDER PURSUANT TO 18 U.S.C. § 3145(b).

/s/ Leo T. Sorokin
LEO T. SOROKIN
United States Magistrate Judge